Laurent R.G. Badoux, AZ Bar No. 020753
LBadoux@Buchalter.com
BUCHALTER
16435 N. Scottsdale Rd., Suite 440
Scottsdale, Arizona 85254
Telephone: (480) 383-1800
Facsimile: (480) 824-9400
*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Josephine Tijerino,<br><br>   Plaintiff,<br><br>v.<br><br>Stetson Desert Project LLC d/b/a Le Girls Cabaret, Cory J. Anderson, and Cary Anderson,<br><br>   Defendants. | Case No. 2:15-CV-02563-SMM<br><br>(Consolidated with Case Nos. 2:15-cv-02564 and 2:16-cv-00408<br><br>**JOINT MOTION TO APPROVE SETTLEMENT AND STIPULATION FOR DISMISSAL** |
| Tamicka Toliver,<br><br>   Plaintiff,<br><br>v.<br><br>Stetson Desert Project LLC d/b/a Le Girls Cabaret, Cory J. Anderson, and Cary Anderson,<br><br>   Defendants. | |
| Jane Roe Dancer,<br><br>   Plaintiff,<br><br>v.<br><br>Stetson Desert Project LLC d/b/a Le Girls Cabaret, Cory J. Anderson, and Cary Anderson,<br><br>   Defendants. | |

  Plaintiff Tamika Toliver ("Plaintiff") and Defendants Stetson Desert Project LLC d/b/a Le Girls Cabaret, Cory J. Anderson, and Cary Anderson (collectively, "Defendants"),

BN 39686923v1

by and through their undersigned counsel, present this Joint Motion to Approve Settlement and Stipulation for Dismissal. The form of Settlement Agreement approved by the parties is attached hereto as Exhibit A.

**I.  Introduction**

The Parties are extremely familiar with the strengths and weaknesses of their respective arguments. The Settlement Agreement that the Parties reached is a fair and reasonable compromise of all the respective positions of the Parties, including as to Plaintiff's abandonment of her Fair Labor Standards Act claims. The Parties, therefore, respectfully request that the Court approve the Parties' Settlement Agreement and enter the Order of Dismissal concurrently lodged with the Court.

**II.  Argument and Authorities**

To prevent private agreements between employers and employees that have the effect undermining the requirements of the law, the FLSA has been interpreted to require the settlement of claims under the Act to be approved by either the Department of Labor or a court of competent jurisdiction. *See* 29 U.S.C. § 216(b); *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982). This District Court has explained before that, in an FLSA case, "the parties *must* seek the district court's approval of the settlement's terms to ensure that it is enforceable and fair." *Simko v. World Class Car Wash LLC*, No. V-17-03870-PHX-DJH, 2018 U.S. Dist. LEXIS 205096, *3 (D. Ariz. Nov. 30, 2018) (emphasis in original).

First, the Parties understand that the existence of an employment relationship, indeed any relationship, between any of them is a matter of stringent dispute. Second, when reviewing a proposed settlement that involves a lawsuit in which FLSA claims were presented, a court must review the settlement and ensure that it represents a "'fair and reasonable resolution of a bona fide dispute' given the 'totality of the circumstances' within the context of the purposes of the FLSA." *Id.* at *4 (quoting *Lynn's Food Stores, Inc.*, 679 F.2d at 1355). The Parties concur that the resolution involved is adequate and that the Court should so find, even as it involves a complete waiver of FLSA claims.

### A. Bona Fide Dispute

"The Court must first determine whether a bona fide dispute exists. A bona fide dispute exists when there are legitimate questions about 'the existence and extent of Defendant's FLSA liability.'" *Simko*, at *4 (citation omitted). A bona fide dispute exists in this matter. The core of the Parties' dispute is that Plaintiff contends she appeared as an entertainer at the Club and is entitled to compensation as an employee, while Defendants maintain that, at most, Plaintiff auditioned for a licensee relationship that never materialized.

### B. Reasonableness of Settlement

The settlement includes an amount of money that would satisfy the nominal appearance(s) Plaintiff may have made at the Club and Plaintiff is able to address her attorneys' fees adequately with her counsel. The Parties elect to abandon all other and further alternative claims and counterclaims in light of this reasonable settlement. For these reasons, the Court should deem the attached Settlement Agreement a fair and reasonable resolution of a bona fide dispute.

### C. Reasonableness of Attorney's Fees and Costs

The Settlement Agreement provides for a total payment of $1,500.00 to Plaintiff and her counsel. Specifically, Plaintiff will receive $1,000, and her counsel will receive $500 to cover the cost of filing the lawsuit and any additional incidental costs. This amount is neither excessive nor inadequate in this matter. Defendants maintain that Plaintiff did not appear at the Club, and if she did, Plaintiff only appeared to audition or get a sense of the Club to know if she wanted to enter into a License Agreement with Defendants, which she never did. Defendants maintain that Plaintiff also does not appear on any record of appearances at the Club.

### III. Conclusion

For the foregoing reasons, the Parties ask that the Court concur that they reached a fair and reasonable compromise of their respective positions in this action, and respectfully

BN 39686923v1

request that the Court approved the attached Settlement Agreement and enter the proposed Order of Dismissal tendered herewith.

RESPECTFULLY SUBMITTED this 5th day of March, 2020.

THE BENDAU LAW FIRM PLLC

By: */s/ Clifford P. Bendau, II (w/permission)*
Clifford P. Bendau, II
*Attorneys for Plaintiff*

BUCHALTER, PC

By: */s/ Laurent R.G. Badoux*
Laurent R.G. Badoux
*Attorneys for Defendants*

I hereby certify that I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants, and mailed a copy of same to the following if non-registrants, this 5th day of March, 2020, to:

Clifford P. Bendau, II
THE BENDAU LAW FIRM PLLC
P. O. Box 97066
Phoenix, AZ  85060-7066
Email: cliffordbendau@bendaulaw.com
*Attorneys for Plaintiff*

P. Andrew Sterling
RUSING LOPEZ & LIZARDI, P.L.L.C.
6363 North Swan Road, Suite 151
Tucson, Arizona 85718
asterling@rllaz.com
*Attorneys for Plaintiff*

By: */s/ Lori Harpel*

BN 39686923v1