IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Josephine Tijerino, <br><br> Plaintiff, <br><br> v. <br><br> Stetson Desert Project LLC, et al., <br><br> Defendants. | No. CV-15-02563-PHX-SMM <br><br> **ORDER** |

Before the Court is Plaintiff Tamicka Toliver ("Plaintiff Toliver") and Defendants Stetson Desert Project LLC, Cory J. Anderson, and Cary Anderson's (collectively, "Defendants") Joint Motion to Approve Settlement and Stipulation for Dismissal. (Doc. 91.) Because this matter involves Fair Labor Standards Act ("FLSA") claims asserted against Defendants, the parties were ordered to submit the settlement agreement to the Court for approval and to ensure its enforceability. (Doc. 88 at 1-2.) After review and consideration, the Court will grant the parties' joint motion and approve the proposed settlement agreement.

**I.   BACKGROUND**

In 2013, Plaintiff Toliver was hired by Defendants to work as a dancer at Le Girls Gentlemen's Club. (Doc. 1 at 3.) Defendants classified Plaintiff Toliver as an independent contractor, and in doing so, did not pay Plaintiff Toliver the minimum wage. (Id. at 5.)

Plaintiff Toliver brought this action against Defendants for unpaid wages pursuant to the Fair Labor Standards Act ("FLSA"). (Id. at 10.) At the outset of the case, and

pursuant to the Court's Order, the parties briefed the issue of whether Plaintiff Toliver was an "employee" within the meaning of the FLSA. (Doc. 21 at 3-4.) The Court found that Plaintiff Toliver was an independent contractor under the economic realities test set forth in Real v. Driscoll Strawberries Associates, Inc., 603 F.2d 748, 754 (9th Cir. 1979) and dismissed this matter for lack of subject matter jurisdiction. (Docs. 52 at 14; 62 at 5.)

The Ninth Circuit reversed this Court's decision, finding that the statutory requirement that Plaintiff Toliver must be an employee as defined in the FLSA is a merits-based determination, not a jurisdictional limitation that must be proven at the outset of the case. (Doc. 78-1 at 7, 13-14.)

On remand, Plaintiff Toliver and Defendants notified the Court that they reached an agreement to settle this matter. (Doc. 87 at 2.) Accordingly, the Court ordered the parties to submit a joint motion to approve settlement agreement and the settlement agreement to the Court for approval and to ensure its enforceability. (Doc. 88 at 1-2.)

**II.   DISCUSSION**

Under the reasoning set forth in Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352-53 (11th Cir. 1982), there are only two ways in which back-wage claims under the FLSA can be settled or compromised by employees.[1] One, pursuant to 29 U.S.C. § 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owing to them. Id. at 1353. The second way is provided in the context of litigation brought directly by employees against their employer pursuant to § 216(b) to recover back wages. Id. When an employee brings a private action for back wages and presents to the district court a proposed settlement, the district court "may enter a stipulated judgment after scrutinizing the settlement for fairness." Id.

Outside of the FLSA context, the Court normally does not rule on a private settlement agreement negotiated between the parties. However, because this is a FLSA action against Defendants, the parties must seek approval of their settlement agreement to

---

[1] While the Ninth Circuit has not specifically addressed the issue, district courts in the Ninth Circuit have followed the reasoning set forth in Lynn's Food Stores. See, e.g., Hand v. Dionex Corp., No. CV 06-1318-PHX-JAT, 2007 WL 3383601, at *1 (D. Ariz. Nov. 13, 2007).

ensure its enforceability. The Court may approve the settlement if it is a fair and reasonable compromise of the issues. See <u>Lynn's Food Stores</u>, 679 F.2d at 1354.

The Court has reviewed the proposed settlement agreement. (Doc. 91-1.) According to the proposed settlement agreement, Defendants will pay a total of $1,500.000. (<u>Id.</u> at 2.) Specifically, Defendants will pay Plaintiff Toliver $1,000.00 and Plaintiff Toliver's counsel $500.00. (Doc. 91 at 3.)

The Court finds that the proposed settlement agreement is a fair and reasonable resolution of the issues. First, the Court finds the settlement amount reasonable, considering the parties stringently dispute the existence of an employment relationship. In addition, absent the settlement agreement, the parties would have spent a significant amount of time litigating this case and would have risked potential adverse rulings at trial and again on appeal. Moreover, the proposed settlement agreement provides reasonable payments to Plaintiff Toliver's counsel for attorney's fees and court costs. Therefore, the Court will approve the proposed settlement agreement entered into between the parties.

### III. CONCLUSION

Based on the foregoing,

**IT IS HEREBY ORDERED granting** the parties' Joint Motion to Approve Settlement Agreement. (Doc. 91.)

**IT IS FURTHER ORDERED approving** the parties' proposed settlement agreement. (Doc. 91-1.)

**IT IS FURTHER ORDERED directing** the Clerk of Court to **dismiss with prejudice** Plaintiff Toliver's case No. CV-15-02564-PHX-SMM.

Dated this 9th day of March, 2020.

*[signature]*
Honorable Stephen M. McNamee
Senior United States District Judge