# *Exhibit A*

## CONFIDENTIAL SETTLEMENT AGREEMENT AND
## COMPREHENSIVE RELEASE OF ALL CLAIMS

This Confidential Settlement Agreement and Comprehensive Release of All Claims ("Agreement") is made by and between Kristina Harpman ("Claimant") and Stetson Desert Project, LLC, d/b/a Lé Girls Cabaret, Cory J. Anderson and Cary Anderson (referred to collectively herein as "Defendants"), all of whom are collectively referred to as the "Parties," or individually referred to as a "Party."

## RECITALS

WHEREAS, Claimant alleges she was employed by some or all of the Defendants;

WHEREAS, Defendants deny that Claimant ever was an employee of Defendants, or any of them, and assert that she was a *bona fide* licensee and independent entertainer appearing at Lé Girls;

WHEREAS, Claimant alleges that she is entitled to payment of certain past-due amounts, pursuant to contract, federal and state wage law, and common law;

WHEREAS, Defendants maintain that Claimant was a licensee/independent entertainer at Lé Girls not covered by any employment laws;

WHEREAS, Claimant is a plaintiff in a lawsuit filed in the United States District Court for the District of Arizona, captioned *Jane Roe Dancer v. Stetson Desert Project LLC d/b/a/ Lé Girls Cabaret, et al.*, No. 2:16-cv-00408-SMM (the "Lawsuit");

WHEREAS, Defendants expressly deny any liability with respect to Claimant's allegations in the Lawsuit; and

WHEREAS, the Parties, having conducted discovery, wish to resolve any and all disputes, claims, complaints, grievances, charges, actions, petitions, and demands that they may have between and among them and certain other released parties, as described below, including, but not limited to, any and all claims arising out of or in any way related to Claimant's retention by or separation from Defendants.

NOW, THEREFORE, in consideration of the mutual promises made herein and the releases described below, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties hereby agree as follows:

## COVENANTS

1.      Consideration.  Within fifteen (15) days after delivering a fully executed copy of this Agreement to Defendants' legal counsel, Laurent Badoux, Buchalter, 16435 N. Scottsdale Road, Suite 440, Scottsdale, Arizona 85254 ("Defendants' Counsel"), Defendants will pay Claimant the gross amount of Three Thousand Dollars and No Cents ($3,000.00), from which no deduction or withholding shall be taken (the "Settlement Payment").  Defendants will pay the Settlement Payment to Claimant via a single check made payable to "Rusing Lopez & Lizardi,

P.L.L.C. Trust Account."   Defendants' Counsel will deliver the Settlement Payment to Claimant's legal counsel, Mick Rusing, Rusing Lopez & Lizardi, P.L.L.C., 6363 North Swan Road, Suite 151, Tucson, Arizona  85718 ("Claimant's Counsel"), within fifteen (15) days after the Parties execute this Agreement; *provided, however*, that Claimant's Counsel must hold the Settlement Payment in the firm's IOLTA account pending the Court's approval of this Settlement Agreement and entering of an Order dismissing the Lawsuit.

In the event that the Court does not approve the Settlement Agreement and/or dismiss the Lawsuit, Claimant's Counsel must return the Settlement Payment to Defendants' Counsel and this Settlement Agreement will be voidable at Defendants' discretion.

The Parties agree that they will construe the consideration as settlement of contractual claims, irrespective of any allegations contained in the Complaint, and that the intent of the Parties should govern the classification of the Settlement Payment for any applicable tax purposes.

As a condition of payment of the Settlement Payment, Claimant and Claimant's Counsel each will execute a Form W-9 and return the forms to Defendants' Counsel.  Defendants must cause a Form 1099 to be issued to Claimant and Claimant's Counsel reflecting the Settlement Payment.  Claimant is solely responsible for the reporting of the Settlement Payment with the proper taxing authorities, and for payment of any taxes resulting from receipt thereof. Defendants assume and retain any responsibility for any tax considerations or obligations arising from the making of the Settlement Payment, and nothing herein constitutes an assumption of any responsibility therefor by Claimant, nor can be so construed.

2.      Receipt of All Benefits.  Claimant acknowledges and represents that, other than the consideration set forth in this Agreement, Defendants have paid or provided all salary, wages, contract payments, retainers, signing bonuses, retention bonuses, incentive compensation, accrued vacation/paid time off, premiums, leaves, reimbursable expenses, commissions, and any and all other benefits and compensation due to Claimant.  Claimant warrants and represents that she is not entitled to payment of any amount other than as set forth in this Agreement.

3.      Release of Claims and Dismissal of Lawsuit.

(a)      Claimant agrees that the Settlement Payment represents settlement in full of all outstanding obligations owed to Claimant by Defendants, and by Defendants' current and former owners, managers, officers, directors, employees, agents, investors, attorneys, accountants, shareholders, administrators, affiliates, benefit plans, plan administrators, insurers, trustees, affiliates, holdings, divisions, and subsidiaries, and predecessor and successor corporations and assigns (collectively, the "Defendant Releasees").  Claimant, on her own behalf and on behalf of her respective marital community (if any), heirs, family members, consulting companies, executors, agents, and assigns, hereby and forever releases the Defendant Releasees from, and agree not to sue concerning, or in any manner to institute, prosecute, or pursue any claim, complaint, charge, duty, obligation, demand, or cause of action relating to any matters of any kind, whether presently known or unknown, suspected or unsuspected, that Claimant may possess against any of the Defendant Releasees arising from any omissions, acts, facts, or

damages that have occurred from the beginning of time through and including the Effective Date of this Agreement, including, without limitation:

(i)     any and all claims relating to or arising from Claimant's contractual and/or employment relationships with the Defendant Releasees (or any of them) and the termination of those relationships;

(ii)     any and all claims for wrongful discharge of employment; termination in violation of public policy; discrimination; harassment; retaliation; breach of contract, both express and implied; breach of covenant of good faith and fair dealing, both express and implied; promissory estoppel; negligent or intentional infliction of emotional distress; fraud; negligent or intentional misrepresentation; negligent or intentional interference with contract or prospective economic advantage; unfair business practices; defamation; libel; slander; negligence; personal injury; assault; battery; invasion of privacy; false imprisonment; conversion; and disability benefits;

(iii)     any and all claims for violation of any federal, state, or municipal statute, including, but not limited to, Title VII of the Civil Rights Act of 1964; the Civil Rights Act of 1991; the Rehabilitation Act of 1973; the Americans with Disabilities Act of 1990; the Genetic Information Non-Discrimination Act; Section 1981 of the Civil Rights Act of 1866; the Equal Pay Act; the Fair Labor Standards Act; the Fair Credit Reporting Act; the Employee Retirement Income Security Act of 1974; the Worker Adjustment and Retraining Notification Act; the Family and Medical Leave Act; the Sarbanes-Oxley Act of 2002; the Arizona Civil Rights Act; the Arizona Labor Code; and the Arizona Employment Protection Act.

(iv)     any and all claims for violation of the federal or any state constitution;

(v)     any and all claims arising out of any other laws and regulations relating to employment or employment discrimination, compensation, or benefits; and

(vi)     any and all claims for attorneys' fees and costs.

(b)     Defendants, on their own behalf and on behalf of their respective marital communities (if any), heirs, family members, consulting companies, executors, agents, and assigns, hereby and forever release Claimant and her assigns (the "Claimant Releasees") from, and agree not to sue concerning, or in any manner to institute, prosecute, or pursue any claim, complaint, charge, duty, obligation, demand, or cause of action relating to any matters of any kind, whether presently known or unknown, suspected or unsuspected, that Defendants may possess against any of the Claimant Releasees arising from any omissions, acts, facts, or damages that have occurred from the beginning of time through and including the Effective Date of this Agreement, including, without limitation:

(i)     any and all claims relating to or arising from Defendants' contractual and/or employment relationships with the Claimant Releasees (or any of them) and the termination of those relationships;

(ii)     any and all claims for breach of contract, both express and implied; breach of covenant of good faith and fair dealing, both express and implied; promissory estoppel; negligent or intentional infliction of emotional distress; fraud; negligent or intentional misrepresentation; negligent or intentional interference with contract or prospective economic advantage; unfair business practices; defamation; libel; slander; negligence; personal injury; assault; battery; invasion of privacy; false imprisonment; and conversion;

(iii)    any and all claims for violation of the federal or any state constitution;

(iv)    any and all claims arising out of any other laws and regulations relating to employment; and

(v)     any and all claims for attorneys' fees and costs.

(c)     The Parties agree that the releases set forth in this Paragraph 3 shall be and remain in effect in all respects as a complete general release as to the matters released. These releases do not extend to any obligations incurred under this Agreement. These releases do not release claims that cannot be released as a matter of law, including, but not limited to, any claim for workers' compensation benefits, Claimant's right to file a charge with or participate in a charge by the Equal Employment Opportunity Commission, or any other local, state, or federal administrative body or government agency that is authorized to enforce or administer laws related to employment (with the understanding that any such filing or participation does not give Claimant the right to recover any monetary damages against the Defendant Releasees; Claimant's release of claims herein bars her from recovering such monetary relief).

(d)     The Parties shall jointly move for a complete Dismissal of the Lawsuit with prejudice and shall take such other and further necessary steps to effectuate the dismissal of the Lawsuit.

4.      <u>No Pending or Future Lawsuits</u>.

(a)     Claimant represents that she has no lawsuits, claims, or actions pending in her name, or on behalf of any other person or entity, against any of the Defendant Releasees except the Lawsuit. Claimant also represents that Claimant does not intend to bring any claims on her own behalf or on behalf of any other person or entity against any of the Defendant Releasees.

(b)     Defendants represent that they have no lawsuits, claims, or actions pending in their or any of their names, or on behalf of any other person or entity, against any of the Claimant Releasees except the Counterclaim in the Lawsuit. Defendants also represent that Defendants do not intend to bring any claims on their own behalves or on behalf of any other person or entity against any of the Claimant Releasees.

5.      <u>Confidentiality</u>.   Claimant agrees to maintain in complete confidence the existence of this Agreement, the contents and terms of this Agreement, and the consideration for this Agreement (hereinafter collectively referred to as "<u>Separation Information</u>"). Except as required by law, Claimant may disclose Separation Information only to her respective immediate

family members, the Court in any proceedings to enforce the terms of this Agreement, Claimant's attorney(s), and Claimant's accountants and professional tax advisors to the extent that they need to know the Separation Information in order to provide advice on tax treatment or to prepare tax returns, and must prevent disclosure of any Separation Information to all other third parties. Claimant agrees that she will not publicize, directly or indirectly, any Separation Information.

Claimant acknowledges and agrees that the confidentiality of the Separation Information is of the essence. Claimant warrants that she has not disclosed, orally or in writing, directly or indirectly, any of the Separation Information to any unauthorized party.

6.  <u>No Cooperation</u>. Claimant agrees that she will not knowingly encourage, counsel, or assist any attorneys or their clients in the presentation or prosecution of any disputes, differences, grievances, claims, charges, or complaints by any third party against any of the Defendant Releasees, unless under a subpoena or other court order to do so. Claimant agrees both to (a) immediately notify Defendants upon receipt of any such subpoena or court order and (b) furnish, within three (3) business days of its receipt, a copy of such subpoena or other court order to Defendants. If approached by anyone for counsel or assistance in the presentation or prosecution of any disputes, differences, grievances, claims, charges, or complaints against any of the Defendant Releasees, Claimant shall state no more than that they cannot provide counsel or assistance.

7.  <u>Non-Disparagement</u>.  Claimant agrees to refrain from any disparagement, defamation, libel, or slander of any of the Defendant Releasees.  Defendants agree to refrain from any disparagement, defamation, libel, or slander of any of the Claimant Releasees.

8.  <u>No Admission of Liability</u>. The Parties understand and acknowledge that this Agreement constitutes a compromise and settlement of any and all actual or potential disputed claims: (a) by Claimant and against the Defendant Releasees, individually and collectively, and (b) by Defendants and against the Claimant Releasees, individually and collectively. No action taken by the Parties hereto, either previously or in connection with this Agreement, will be deemed or construed to be: (a) an admission of the truth or falsity of any actual or potential claims, (b) an acknowledgment or admission by Defendants of any fault or liability whatsoever to Claimant or to any third party, or (c) an acknowledgment or admission by Claimant of any fault or liability whatsoever to Defendants or to any third party.

9.  <u>Costs</u>. Except as provided in Paragraph 1 hereinabove, the Parties bear their own costs, attorneys' fees, and other fees incurred in connection with the preparation of this Agreement.

10.  <u>Authority</u>. The Parties represent and warrant that the signatories below have the authority to act on behalf of the respective individuals and entities. Claimant represents and warrants that she has the capacity to act on her own behalf and on behalf of all who might claim through her to bind them to the terms and conditions of this Agreement. Each Party warrants and represents that there are no liens or claims of lien or assignments in law or equity or otherwise of or against any of the claims or causes of action released herein.

11.     No Representations.  The Parties represent that they have had an opportunity to consult with an attorney and have carefully read and understand the scope and effect of the provisions of this Agreement.  The Parties have not relied upon any representations or statements made by any other Party that are not specifically set forth in this Agreement.

12.     Severability.  In the event that any provision or any portion of any provision hereof or any surviving agreement made a part hereof becomes or is declared by a court of competent jurisdiction or arbitrator to be illegal, unenforceable, or void, this Agreement will continue in full force and effect without said provision or portion of provision; *provided, however*, that if a court or arbitrator determines the releases in Paragraph 3 hereinabove to be void, the Agreement, including, without limitation, Defendants' obligations in Paragraph 1 hereinabove, is voidable in Defendants' sole discretion.

13.     Attorneys' Fees.  In the event that any Party brings an action to enforce its rights under this Agreement, the prevailing Party will be entitled to recover its costs and expenses, including the costs of mediation, arbitration, litigation, court fees, and reasonable attorneys' fees, incurred in connection with such an action.

14.     Entire Agreement.  This Agreement represents the entire understanding between the Parties concerning the subject matter of this Agreement and Claimant's relationship, if any, with Defendants, including any and all events leading thereto and associated therewith, and supersedes and replaces any and all prior agreements and understandings concerning the subject matter of this Agreement and Claimant's relationship with Defendants.

15.     No Oral Modification.  This Agreement may only be amended in a writing signed by each and every Party hereto.

16.     Governing Law.  This Agreement shall be governed by and construed and enforced in accordance with the laws of the State of Arizona without giving effect to the conflicts of law principles thereof.

17.     Effective Date.  This Agreement will become effective on the date on which the Court enters an Order approving this Agreement (the "Effective Date").

18.     Construction.  Counsel for Defendants initially drafted this Agreement but only as a matter of convenience and Counsel for Claimant subsequently reviewed and modified this Agreement.  Consequently, it is the intent of the Parties that the Agreement must not be construed for or against any Party for its role in drafting but shall be construed according to its plain meaning.

19.     Counterparts.  This Agreement may be executed in counterparts, via actual or e-signature or by facsimile, and each counterpart, regardless of how executed, will have the same force and effect as an original and constitute an effective, binding agreement on the part of each of the undersigned.

20.     Voluntary Execution of Agreement.  The Parties understand and agree that they have executed this Agreement voluntarily, without any duress or undue influence on the part or

behalf of any other Party or any third party, with the full intent of releasing all of their individual and collective claims as set forth in the releases in Paragraph 3.  The Parties acknowledge that:

(a)      They have each read this Agreement;

(b)      They have been represented in the preparation, negotiation, and execution of this Agreement by legal counsel of their own choice;

(c)      They understand the terms and consequences of this Agreement and of the releases it contains; and

(d)      They are fully aware of the legal and binding effect of this Agreement.

IN WITNESS WHEREOF, the Parties have executed this Agreement on the respective dates set forth below.

KRISTINA HARPMAN

Dated: _____, 2020            _____

STETSON DESERT PROJECT, LLC, d/b/a
LÉ GIRLS CABARET

Dated: _____, 2020            _____
By:
Its:

CORY J. ANDERSON

Dated: _____, 2020            _____

CARY ANDERSON

Dated: _____, 2020            _____