IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Josephine Tijerino,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Stetson Desert Project LLC, et al.,<br><br>　　　　Defendants. | No. CV-15-02563-PHX-SMM<br><br>**ORDER** |

Before the Court is Plaintiff Jane Roe Dancer #1 and Defendants Stetson Desert Project LLC d/b/a Le Girls Cabaret, Cory J. Anderson, and Cary Anderson's Joint Motion to Approve Settlement and Stipulation for Dismissal for Jane Roe Dancer #1 (in Matter 2:16-cv-00408). (Doc. 101.) Because this matter involves Fair Labor Standards Act ("FLSA") claims asserted against Defendants, the parties submitted this joint motion to the Court for approval and to ensure the settlement agreement's enforceability. (Id. at 2.) After review and consideration, the Court will grant the parties' joint motion and approve the proposed settlement agreement.[1]

**I.　BACKGROUND**

In 2014, Plaintiff was engaged by Defendants to work as a dancer at Le Girls Gentlemen's Club. (Doc. 1 at 6 in CV-16-00408-PHX-SMM.) Defendants classified Plaintiff as an independent contractor, and in doing so, did not pay Plaintiff any wages. (Id. at 6-8.) Plaintiff disputes Defendants' classification of Plaintiff as an independent

---

[1] Unless otherwise noted, all citations are to case no. CV-15-02563-PHX-SMM.

contractor and maintains that she was an employee of Defendants. (Id.) Plaintiff brought this action against Defendants for unpaid wages pursuant to the FLSA and the Arizona Minimum Wage Act. (Id. at 8-10.) The Court consolidated <u>Tijerino v. Stetson Desert Project LLC</u>, CV-15-02563-PHX-SMM; <u>Toliver v. Stetson Desert Project LLC</u>, CV-15-02564-PHX-SMM; and <u>Jane Roe Dancer v. Stetson Desert Project LLC</u>, CV-16-00408-PHX-SMM under case no. CV-15-02563-PHX-SMM for pretrial proceedings only. (Doc. 18 in CV-16-00408-PHX-SMM.)

At the outset of the case, and pursuant to the Court's Order, the parties briefed the issue of whether Plaintiff was an "employee" within the meaning of the FLSA. (Doc. 21 at 3-4 in CV-16-00408-PHX-SMM.) The Court found that Plaintiff was an independent contractor under the economic realities test set forth in <u>Real v. Driscoll Strawberries Associates, Inc.</u>, 603 F.2d 748, 754 (9th Cir. 1979) and dismissed this matter for lack of subject matter jurisdiction. (Docs. 52 at 14; 62 at 5.) The Ninth Circuit reversed this Court's decision, finding that the statutory requirement that Plaintiff must be an employee as defined in the FLSA is a merits-based determination, not a jurisdictional limitation that must be proven at the outset of the case. (Doc. 78-1 at 7, 13-14.)

On remand, the parties now notify the Court that they have reached an agreement to settle this matter. (Doc. 101.)

**II.     DISCUSSION**

Under the reasoning set forth in <u>Lynn's Food Stores, Inc. v. United States</u>, 679 F.2d 1350, 1352-53 (11th Cir. 1982), there are only two ways in which back-wage claims under the FLSA can be settled or compromised by employees. One, pursuant to 29 U.S.C. § 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owing to them. Id. at 1353. The second way is provided in the context of litigation brought directly by employees against their employer pursuant to § 216(b) to recover back wages. Id. When an employee brings a private action for back wages and presents to the district court a proposed settlement, the district court "may enter a stipulated judgment after scrutinizing the settlement for fairness." Id.

Outside of the FLSA context, the Court normally does not rule on a private settlement agreement negotiated between the parties. However, because this is a FLSA action against Defendants, the parties must seek approval of their settlement agreement to ensure its enforceability. The Court may approve the settlement if it is a fair and reasonable compromise of the issues. See Lynn's Food Stores, 679 F.2d at 1354.

The Court has reviewed the proposed settlement agreement. (Doc. 101-1.) According to the proposed settlement agreement, Defendants will pay a total of $3,000.000 to Plaintiff, of which 33% will be allocated to attorneys' fees and costs as agreed between Plaintiff and her counsel, in exchange for Plaintiff's abandonment of her claims against Defendants. (Id. at 2-3.)

The Court finds that the proposed settlement agreement is a fair and reasonable resolution of the issues. First, the Court finds the settlement amount reasonable, considering the parties stringently dispute the existence of an employment relationship. In addition, absent the settlement agreement, the parties would have spent a significant amount of time litigating this case and would have risked potential adverse rulings at trial and again on appeal. Moreover, the proposed settlement agreement accounts for reasonable payments to Plaintiff's counsel for attorneys' fees and court costs. Therefore, the Court will approve the proposed settlement agreement that is entered into between the parties.

### III.   CONCLUSION

Based on the foregoing,

**IT IS HEREBY ORDERED granting** Plaintiff Jane Roe Dancer #1 and Defendants Stetson Desert Project LLC d/b/a Le Girls Cabaret, Cory J. Anderson, and Cary Anderson's Joint Motion to Approve Settlement and Stipulation for Dismissal for Jane Roe Dancer #1 (in Matter 2:16-cv-00408). (Doc. 101.)

**IT IS FURTHER ORDERED approving** the parties' proposed settlement agreement. (Doc. 101-1.)

**IT IS FURTHER ORDERED dismissing with prejudice** Plaintiff Jane Roe Dancer #1's case, CV-16-00408-PHX-SMM, each party to bear its own attorneys' fees and

1  costs, except as expressly provided in the settlement agreement.

2  **IT IS FURTHER ORDERED directing** the Clerk of the Court to terminate Plaintiff Jane Roe Dancer #1's case, CV-16-00408-PHX-SMM.

Dated this 13th day of July, 2020.

```
                                    _____
                                    Honorable Stephen M. McNamee
                                    Senior United States District Judge
```